UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN FORESTER-HOARE,

    Plaintiff,

v.

DR. FREEMAN, DR. LAVOIE, BAIER, HANNAH UTTER, CAPT. ELSINGER, J. PERTTU, CPT. CUSHING, CAPT. SWIEKATOWSKI, JOHN KIND, DEPUTY WARDEN HAESE, WARDEN DYLON RADTKE, DR. ANDERS, MICHAEL RIVERS, HOVE, WARDEN COOPER, M. GREENWOOD, KEVIN CARR, A. DEGROOT, PAULA STELSEL, E. DAVIDSON, C. O'DONNELL, DR. TONDKAR, TRZEBIATOWSKI, ACP WACHHOLZ, CAPTAIN SCHULTZ, WARDEN STEVENS, PAUL BEKX, GARLAND, RN MATUSHAK, CAPT. VAN LANEN, LT. ROZMARYNOWSKI, LT. KING, and KOEHLER,

    Defendants.

Case No. 24-CV-557-JPS

**ORDER**

    Plaintiff Sean Forester-Hoare, an inmate confined at Green Bay Correctional Institution ("GBCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. ECF No. 1. Plaintiff paid the filing fee on May 20, 2024, and a brief stay of the case ensued. ECF No. 6. The Court previously warned Plaintiff that it would screen the complaint if an amended complaint was not filed. *Id.* As such, this Order screens Plaintiff's complaint.

1.  **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted

by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff has two neuromuscular disorders. ECF No. 1 at 4. Plaintiff suffers from shaking, seizures, reliving extreme pain from prior injuries, and temporary paralysis. *Id.* His conditions can lead to dementia later in life. *Id.* Plaintiff was prescribed a number of different medications for his conditions. *Id.* Plaintiff had to get special approvals from the Department of Corrections ("DOC") to take the medications; the approval took seven years. *Id.*

In January 2021, Plaintiff's psychiatrist quit and he was transferred to GBCI. *Id.* at 5. Upon arrival to GBCI, Defendant Dr. Lavoi ("Lavoi") cancelled his prescription for Gabapentin. *Id.* The psychiatrist's replacement refused to increase his Artane medication and said that it would be handled at GBCI. *Id.* GBCI does not have psychiatrists and outsource this treatment via tele-health visits. *Id.* The tele-psych does not have the patients' medical files unless they are requested. *Id.*

On February 13, 2021, Defendant Dr. Freeman ("Freeman") saw Plaintiff via tele-visit. *Id.* Freeman has policies about certain medication, regardless of whether a patient needs them or not. *Id.* Freeman stated at the beginning of their visit that he was discontinuing Plaintiff's Artane medication and provided no reason. *Id.* at 5–6. Plaintiff explained his medical conditions and that he needed the medication. *Id.* at 6. Freeman ended Plaintiff's medication and did not even allow him to wean off the

---

[1]The Court notes that Plaintiff's handwriting is at times extremely difficult to read. It uses its best efforts to correctly recite his allegations.

medication; this is illegal under the AMA guidelines. *Id.* Freeman did not replace the medication with any alternative medication. *Id.*

When Staff at GBCI found out Plaintiff's Artane was discontinued, they put him in a feces-covered observation cell to observe the effects of taking him off Artane. *Id.* Plaintiff generally alleges Defendants Swiekatowski, RN Matushak, Elsinger, Utter, Baier, Kind, Haese, Radtke, Lavoie, and Freeman's involvement in this incident. *Id.* Per DOC policy, using these cells was deemed cruel conditions of confinement. *Id.* at 7. When Plaintiff was seen on camera suffering from shaking and seizures, Artane was not reinstated, and he received no treatment. *Id.* Plaintiff maintains this action constituted an illegal medical experiment on him. RN Matushak tried to cover up this act even though it was caught on camera. *Id.* When staff reported a bad seizure, RN Matushak would lie and say that Plaintiff was not seizing. *Id.* at 8. RN Matushak made sure that Plaintiff receive no medical help or treatment. *Id.*

Plaintiff sought medical help to get his medications back. *Id.* Plaintiff also sought transfer to another prison because he does not believe GBCI can adequately treat patients like him. *Id.* Plaintiff sent his hospital diagnosis to all defendants and asked them to intervene. Although all defendants had the authority to fix his problems, none granted him any relief. *Id.* Plaintiff has experienced extreme pain and suffering as a result of Defendants' actions. *Id.* at 11–12.

3.  **ANALYSIS**

The Court finds that Plaintiff may proceed against Defendants Freeman, Lavoie, Baier, Utter, Anders, Rivers, Stelsel, Tondkar, Trzebiatowski, Wachholz, Bekx, Garland, and RN Matushak on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's

serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against these medical defendants. Plaintiff alleges that his medication for his serious conditions was discontinued and that Defendants ignored his repeated pleas for help. Plaintiff alleges suffering extreme pain and suffering as a result of Defendants' actions. As such, Plaintiff may proceed against Freeman, Lavoie, Baier, Utter, Anders, Rivers, Stelsel, Tondkar, Trzebiatowski, Wachholz, Bekx, Garland, and RN Matushak on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

The Court will not, however, allow Plaintiff to proceed against the numerous non-medical defendants. Plaintiff generally alleges that he wrote to all named defendants seeking medical treatment. Non-medical officials are entitled to "rely on the expertise of medical personnel" and "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)). It is only when a nonmedical official entirely ignores a prisoner's complaints or has sufficient notice of "an excessive risk to inmate health or safety" that he may be found deliberately indifferent for not taking action. *Id.* (quotation omitted). Here, whether Plaintiff needed specific types of medications to treat his condition is not the type of obvious issue such that non-medical personnel would have notice of an excessive risk to Plaintiff's safety. As such, the Court will dismiss Defendants Elsinger, Perttu, Cushing, Swiekatowski, Kind, Haese, Radtke, Hove, Cooper, Greenwood, Carr, Degroot, Davidson, O'Donnell, Schultz, Stevens, Van Lanen, Rozmarynowski, King, and Koehler from this action for the failure to state a claim against them.

Finally, the Court will not allow Plaintiff to proceed on an Eighth Amendment conditions of confinement claim against any defendants. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but

neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

Here, Plaintiff alleges generally that he was subjected to unsanitary living conditions in a feces-covered cell. However, it is unclear how long he was subjected to these conditions, and Plaintiff does not allege that he informed any defendants about these conditions. As such, the Court does not find that the complaint contains sufficient facts to proceed on a conditions of confinement claim. Further, the Court is notes that Plaintiff is proceeding on, what may be an identical claim, in Case No. 25-CV-65 regarding his unsanitary living conditions.

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Freeman, Lavoie, Baier, Utter, Anders, Rivers, Stelsel, Tondkar, Trzebiatowski, Wachholz, Bekx, Garland, and RN Matushak for their deliberate indifference to Plaintiff's serious medical needs.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Defendants Elsinger, Perttu, Cushing, Swiekatowski, Kind, Haese, Radtke, Hove, Cooper, Greenwood, Carr, Degroot, Davidson, O'Donnell, Schultz, Stevens, Van Lanen, Rozmarynowski, King, and Koehler be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Freeman, Lavoie, Baier, Utter, Anders, Rivers, Stelsel, Tondkar, Trzebiatowski, Wachholz, Bekx, Garland, and RN Matushak**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why she intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.