]UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN FORESTER-HOARE,

              Plaintiff,

v.

THOMAS FREEMAN, DANIEL LA VOIE, CASSANDRA BAIER, HANNAH UTTER, JEFFREY ANDERS, MICHAEL RIVERS, PAULA STELSEL, FARZANEH TONDKAR, VIRGINIA TRZEBIATOWSKI, LORIJEAN WACHHOLZ, PAUL BEKX, SHANE GARLAND, and RACHEL MATUSHAK,

              Defendants.

Case No. 24-CV-557-JPS

**ORDER**

      Plaintiff Sean Forester-Hoare, an inmate confined at Green Bay Correctional Institution ("GBCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On January 28, 2025, the Court screened Plaintiff's complaint and allowed him to proceed on an Eighth Amendment claim for Defendants' deliberate indifference to Plaintiff's serious medical need. ECF No. 8. Pending before the Court is Plaintiff's motion for reconsideration, ECF No. 12, and the issue of certain defendants who have yet to be served, *see* ECF Nos. 24, 26.

      First, the Court will deny Plaintiff's motion for reconsideration. Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Plaintiff's motion for reconsideration. *See Bhatia v. Vaswani*, No. 18-CV-2387, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020). Under Rule 54(b), "any order or other decision [ ]

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice*." See Ghashiyah v. Frank*, No. 05-CV-766, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted). Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Id.* The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

Here, Plaintiff has not met the high standard for reconsideration. Plaintiff seeks reconsideration of the claims the Court identified in the screening order. The Court previously found that Plaintiff failed to state a claim for the conditions of his confinement. *See* ECF No. 8 at 6–7. Plaintiff

maintains that the Court erred because the conditions he experienced was the "medical experimentation" Defendants subjected to him when they placed him in a cell with a camera and watched him have seizures for hours to observe the effects of cancelling his medication. ECF No. 12 at 2. The Court disagrees with Plaintiff's interpretation of the claims. Plaintiff certainly proceeds on a claim related to these facts; however, the Court includes these allegations in the Eighth Amendment deliberate claim for Defendants' failure to treat Plaintiff's serious medical needs. Placing Plaintiff in a room with a camera did not subject him to objectively adverse conditions of confinement. The issue is instead with Defendants' failure to respond to and adequately treat his medical issues, including an adequate response to his seizures. As such, the Court does not grant Plaintiff's motion for reconsideration in this regard.

Plaintiff also seeks reconsideration to add a claim for Defendants' refusal to follow the inmate complaint system procedures regarding affirmed complaints. *Id.* at 2–3. A prison official's alleged failure to follow DOC policy, rules, and procedures, however, does not, in and of itself, violate the Constitution. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of ... departmental regulation and ... practices[.]") (internal quotation omitted); *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."). Plaintiff cites to *Eison v. Rozmarynoski*, No. 12-CV-931, 2014 WL 4851891, at *7 (E.D. Wis. Sept. 29, 2014), in support of his argument. Although this case recognizes the procedure for affirmed inmate

complaints, it does not support a finding that the failure to follow this procedure states a constitutional claim. *See generally id.* (case addressing the question of whether Plaintiff exhausted his administrative remedies). As such, the Court declines to add another claim to this case based on Defendants' alleged failure to follow policy regarding inmate complaints. Plaintiff's motion for reconsideration will therefore be denied.

Second, the Court addresses the issue that this case has stalled due to the U.S. Marshall's inability to locate Defendant Farzaneh Tondkar ("Tondkar") and Defendant Thomas Freeman ("Freeman"). The Wisconsin Department of Justice did not accept service for Tondkar and Freeman because they were employed by another agency. ECF No. 10. On April 1, 2025, the Marshalls provided an unexecuted waiver of service for Tondkar. ECF No. 15. On April 29, 2025, the Marshals provided an unexecuted waiver of service for Freeman. ECF No. 21. On May 21, 2025, a summons for Tondkar was returned unexecuted. ECF No. 24. The summons provided that multiple calls indicated that Tondkar did not work there. *Id.* On June 2, 2025, a summons for Freeman was returned unexecuted. ECF No. 26. Service was refused because (presumably the agency) had "no idea who defendants are." ECF No. 26.

In order for this case to move forward in a timely fashion, the Court will instruct the Clerk of Court to replace Defendant Thomas Freeman with John Doe 1 and to replace Defendant Tondkar with John Doe 2. Discovery in this case may help Plaintiff to identify either the location of these defendants or their proper identity. The Court will issue a scheduling order in due course with all relevant dates, including a deadline for Plaintiff to identify the Doe defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 12, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court replace Defendant Thomas Freeman with John Doe 1 and replace Defendant Farzaneh Tondkar with John Doe 2.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge