SEAN FORESTER-HOARE,

                              Plaintiff,

                    v.                                      Case No. 24-557-JPS

DANIEL LAVOIE, CASSANDRA
BAIER, HANNAH UTTER, JEFFREY
ANDERS, MICHAEL RIVERS,
PAULA STELSEL, JOHN DOE 2,                                  **ORDER**
VIRGINIA TRZEBIATOWSKI,
LORIJEAN WACHHOLZ, PAUL
BEKX, SHANE GARLAND, and
RACHEL MATUSHAK,

                              Defendants.

Plaintiff Sean Forester-Hoare, an inmate confined at Green Bay Correctional Institution ("GBCI") filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On January 28, 2025, the Court screened Plaintiff's complaint and allowed him to proceed on an Eighth Amendment claim for Defendants' deliberate indifference to Plaintiff's serious medical need. ECF No. 8. On November 19, 2025, the Court entered a scheduling order with discovery to be completed by March 23, 206 and dispositive motions to be filed on or before May 22, 2026. ECF No. 28. On February 13, 2026, Plaintiff filed a motion for court intervention. ECF No. 31. On April, 21, 2026, the State Defendants filed a motion to dismiss or in the alternative to compel discovery, ECF No. 34, along with a motion to stay the case schedule, EF No. 35. On April 22,

2026, Defendant Trzebiatowski filed nearly identical motions to the State Defendants. ECF Nos. 37, 38.

Defendants provide that Plaintiff has failed to produce his medical records in discovery. Given Plaintiff's incarcerated status, the Court interprets Defendants' request to be asking Plaintiff to provide a signed medical record authorization granting them access to his medical files. "Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue." *Brown v. Picknell*, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019). The same is true as to emotional and/or psychological treatment records. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.").

The Court will grant Defendants' motion to compel Plaintiff to provide Defendants access to his medical records. The Court understands that Plaintiff may not want his medical history released; however, he must cooperate with any request from Defendants for access to his medical records on or before **May 15, 2026** in order to move forward with his claims. Plaintiff must timely provide access to his medical records or the Court will dismiss this case without further notice. *See, e.g.*, *Mason v. Clover*, No. 19-CV-1103, 2022 WL 60669, at *1 (E.D. Wis. Jan. 6, 2022) ("Mason put his health at issue when he alleged that the injury he sustained by the defendants' action were ill health effects. Without access to his medical records, the defendants cannot defend themselves . . . . If Mason fails to sign the medical authorization form and return it to defendants by January 26,

2021, the court will dismiss this case."); *Caldwell v. Malave*, No. 2:19-CV-116-JTM-JEM, 2021 WL 5195723, at *2 (N.D. Ind. Nov. 9, 2021) ("Plaintiff has made claims that directly involve [her] medical treatment and cannot now refuse to disclose the relevant medical records to Defendants. If Plaintiff chooses not to comply, the case will be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).") (collecting cases); *Swertfeger v. Nicksic*, No. 19-CV-751-JDP, 2021 WL 808688, at *3 (W.D. Wis. Mar. 3, 2021) ("Swertfeger has refused to sign authorizations, saying that Nicksic seeks information outside the scope of this lawsuit . . . . [I]t would be unfair to Nicksic to defend against Swertfeger's claims without [medical] information. Swertfeger's ultimate choice is either to share the relevant information with Nicksic or have the case dismissed."); *accord Jacobs v. Frank*, 349 F. App'x 106, 107 (7th Cir. 2009) (affirming dismissal of case following pattern of plaintiff's failure to comply with discovery requests as to medical record authorizations and the district court's warning regarding the same).

In light of Plaintiff's deadline, the Court will also grant Defendants' motions to stay the case schedule. Defendants shall provide a status update on or before **May 26, 2026**. Defendants shall then propose a reasonable date for a new summary judgment deadline based on the information they receive.

Finally, the Court will deny Plaintiff's motion for Court intervention. Plaintiff alleges that a GBCI library clerk, David Brooks, is illegally tampering with his court filings. ECF No. 31. Mr. Brooks is not a defendant in this case and Plaintiff's claims of retaliation are distinct from the medical issues in this case. Plaintiff has not identified anything specific as to how Mr. Brook's actions may have affected his case. As such, the Court will deny

Plaintiff's motion, and he may file an access to courts claim against Mr. Brooks, if appropriate, in a separate case.

Accordingly,

**IT IS ORDERED** that Defendants' motions to compel, ECF No. 34, 37, be and the same are hereby **GRANTED**; Plaintiff must provide Defendants access to his medical records on or before **May 15, 2026** or his case will be dismissed for the failure to prosecute;

**IT IS FURTHER ORDERED** that Defendants' motions to stay the case schedule, ECF Nos. 35, 38, be and the same are hereby **GRANTED**; Defendants shall provide a status update on or before **May 26, 2026**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for court intervention, ECF No. 31, be and the same here hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge